UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| KEVIN MARTIN, <br><br> Plaintiff, <br><br> vs. <br><br> JUSTICE STEILEN, WENDY LAST NAME UNKNOWN, NAME UNKNOWN, NAME UNKNOWN, Medical Staff at Minnehaha County Jail, in their Individual and Official Capacities, and MINNEHAHA COUNTY JAIL, <br><br> Defendants. | 4:26-CV-04119-CBK <br><br> MEMORANDUM OPINION <br> AND ORDER |

Plaintiff, a prisoner at the Minnehaha County Jail, filed a *pro se* complaint along with a motion for leave to proceed *in forma pauperis* without the prepayment of the filing fee. Plaintiff has made the requisite showing under 28 U.S.C. § 1915. Plaintiff is unable to pay an initial filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2).

The Prison Litigation Reform Act requires the Court to conduct a screening pursuant to 28 U.S.C. § 1915A(b) when a prisoner seeks redress against a government employee. The Court is required to dismiss a case filed without the prepayment of filing fee if it determines that the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). I am required to liberally construe

plaintiff's complaint and identify any discernable cognizable claim. <u>Solomon v. Petray</u>, 795 F.3d 777, 787 (8th Cir. 2015).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988).

"[C]ounty jails are not legal entities amenable to suit." <u>Owens v. Scott Cnty. Jail</u>, 328 F.3d 1026, 1027 (8th Cir. 2003). The Minnehaha County Jail is not a proper defendant. Plaintiff has not specifically alleged that the individual defendants are County employees. Plaintiff alleges that the individual defendants are employed as medical staff at the Minnehaha County Jail. He alleges that they were acting under color of law "in [their] medical duties at Minnehaha Co. Jail." Read liberally, plaintiff claims the individual defendants were acting under color of law.

Plaintiff contends that defendants were deliberately indifferent to his serious medical needs. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) (internal quotations and citations omitted). Pretrial detainees' deliberate indifference claims arise out of the Fourteenth Amendment's Due Process Clause. <u>Walton v. Dawson</u>, 752 F.3d 1109, 1117 (8th Cir. 2014).

I take judicial notice of the records of the South Dakota Unified Judicial System available on the eCourts website. Those records show that plaintiff was sentenced to 180 days jail with 90 days suspended on June 9, 2026, in South Dakota Circuit Court, Second Judicial Circuit, Lincoln County, case # 41CRI25-000782. Plaintiff is an inmate, not a pretrial detainee. His claims arise under the Eighth Amendment.

Plaintiff claims that, on June 24, 2026, the fire alarms went off in the Minnehaha County Jail and he suffered a seizure due to the strobe effect of the fire alarm lights. He claims he fell and hit his head on the floor. Plaintiff claims that jail medical staff returned him to his bunk to sleep without following concussion protocol and that he did not see a

2

provider until one hour later. Plaintiff contends that the "jail," knowing plaintiff was susceptible to seizures, put him in a dangerous situation by placing him in his bed. He also claims no warning was given which would have allowed him to shield his eyes from the strobe effect of the fire alarm lights.

Not every prisoner claim "that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle v. Gamble, 429 U.S. at 105, 97 S. Ct. at 291.

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle v. Gamble, 429 U.S. at 105–06, 97 S. Ct. at 292.

The deliberate indifference "standard involves both objective and subjective analyses." Troupe v. Young, 143 F.4th 955, 968 (8th Cir. 2025).

> To meet the objective component, [plaintiff] must plead facts sufficient to demonstrate [plaintiff] suffered from an objectively serious medical need. To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention. The subjective component requires [plaintiff] to plead facts sufficient to show that the [defendant] subjectively knew of [plaintiff's] serious medical need and deliberately disregarded that need. This showing requires a mental state akin to criminal recklessness.

Troupe v. Young, 143 F.4th at 968–69 (internal citations and quotation marks omitted). "Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." Jackson v. Buckman, 756 F.3d 1060, 1065–66 (8th Cir. 2014). "An inmate must demonstrate that a prison doctor's actions were 'so

3

inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.'" Jackson v. Buckman, 756 F.3d at 1066.

Applying the above standards, I find that plaintiff's complaint fails to sufficiently allege a constitutional violation. Plaintiff's allegation that he was not treated for his fall and alleged injury immediately, during a fire alarm situation, does not rise to the level of deliberate indifference to a serious medical need. Plaintiff has not alleged that he actually suffered a concussion as a result of his fall, that defendants knew of any serious medical need of the plaintiff, or that defendants failed to act with a sufficiently culpable state of mind. Plaintiff admits that medical staff helped him into bed following his fall and that he was provided with medical attention one hour later.

Plaintiff alleges that he had a seizure condition which the "jail" knew about. He contends that he was placed in a dangerous situation when no warning was given to him, presumable that the fire alarm was going to go off, so that he could shield his eyes from the strobe effect of the fire alarm lights. Such claim is frivolous.

I find that plaintiff's complaint fails to sufficiently allege a constitutional violation. The short time frame, together with the lack of any claim that the defendants knew plaintiff had sustained a serious medical need as a result of his fall and intentionally refused to provide medical care for that known serious medical need warrants dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim.

Now, therefore,

IT IS ORDERED:

1. Plaintiff's motion, Doc. 2, to proceed *in forma pauperis* without the payment of the filing fee is granted.

2. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal 20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4

3. The Clerk of Court shall send a copy of this order to the appropriate official at plaintiff's institution.

4. This matter is dismissed with prejudice and without costs pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  This dismissal constitutes a first strike pursuant to 28 U.S.C. § 1915(g).

5.  Plaintiff's motion for the appointment of counsel, Doc. 4, is denied as moot.

DATED this 9th day of July, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

5